**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   Case No. 2:22-cv-05252

ELIZABETH CAIN,

                           Plaintiff,   **COMPLAINT**

               - against -

7 ELEVEN, NASSIR SARDAR, *In His Individual*   **PLAINTIFF DEMANDS**
*and Official Capacity*, AMY L NAEEM, *In Her*   **A TRIAL BY JURY**
*Individual and Official Capacity*, and Dilnaz Ali
(d/b/a 7-ELEVEN FD STR 11210E),

                         Defendant.
------------------------------------------------------------------------X

    ELIZABETH CAIN ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against 7 ELEVEN, NASSIR SARDAR, Individually, AMY L. NAEEM, Individually, and Dilnaz Ali (d/b/a 7-ELEVEN FD STR 11210E) (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination and retaliation provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the disability discrimination and retaliation provisions of **The Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq.* ("ADA"), (ii) the sex discrimination and retaliation provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); the gender discrimination provisions of the **Suffolk County Human Rights Law**, Suffolk County Administrative Code § 528 *et seq.* ("SCHRL") and (iii) any other claim(s) that can be inferred from the facts set forth herein. To wit, Plaintiff's supervisor showed her obscene videos, made

numerous sexually explicit comments, and touched her buttocks. Defendants refused to investigate and correct Plaintiff's complaints of sexual harassment. Instead, Defendants further discriminated and retaliated against Plaintiff by terminating her for refusing to meet with her supervisor alone (after being repeatedly sexually harassed by him) while she was out on medical leave.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of New York, Defendant 7 Eleven ("7 Eleven") is a citizen of Texas as it is a domestic corporation with its headquarters located in Dallas, Texas, and the matter in controversy exceeds $75,000.00.

3. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC dated July 28, 2022 with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and an "employee" of Defendant and entitled to protection as defined by Title VII, NYSHRL, and SCHRL.

9. Upon information and belief, at all relevant times herein, Defendant 7 Eleven was and is a corporation existing under the laws of the United States, with its headquarters located in Dallas, Texas, and has stores located across the United States, including in Suffolk County, New York.

10. Defendant NASSIR SARDAR ("Nassir") was at all relevant times and employee at 7 Eleven and was employed as a manger. Defendant Nassir had the power to hire, fire, and affect the terms and conditions of Plaintiff's employment.

11. Defendant AMY L NAEEM ("Naeem") was the owner or franchisee of the 7 Eleven where Nassir sexually harassed Plaintiff and she failed to investigate, correct, and prevent the sexual harassment from continuing.

12. Upon information and belief, DILNAZ ALI is the corporate entity that conducts business at the 7 Eleven located at 7 Bay Shore Road, Deer Park, NY 11729, where the sexual harassment detailed herein took place.

## MATERIAL FACTS

13. In or about summer 2019, Plaintiff began working for Defendant as a cashier.

14. Plaintiff was paid $14 per hour and worked approximately 36 hours per week. Plaintiff earned approximately $30,000.00 annually.

15. Plaintiff's supervisor was Nassir, who was head manager of Defendant's 7 Eleven store located in Copiague, New York, where Plaintiff worked.

16. Plaintiff was an exemplary employee with no write-ups or disciplinary actions throughout her employment.

17. In or about July 2020, Nassir instructed Plaintiff to look at his phone.

18. When Plaintiff did as instructed, she saw an image of a young woman sticking out her tongue in a sexually suggestive licking pose and saying obscene things including the word "come"

3

(referring to ejaculation).  Plaintiff was offended by Nassir's unwanted sexual behavior.

19. Throughout July and August 2020, Nassir forced Plaintiff to view more obscene videos on his phone on approximately 10-15 occasions. Each video depicted women in various obscene situations, making sexually explicit remarks such as "come on my face."

20. Each time, Plaintiff would try to turn away from the screen, but Nassir would instruct her to watch, saying, "Wait, no, look."

21. Plaintiff felt she had no choice but to follow her boss's instructions even though Plaintiff was deeply distressed and humiliated.

22. Upon information and belief, Nassir was fully aware of Plaintiff's discomfort and deliberately caused and enjoyed it.

23. In or about August or September 2020, Nassir asked Plaintiff what kind of panties she was wearing.

24. Starting or around late September 2020, Nassir began repeatedly asking Plaintiff, on approximately four occasions, whether she and her then new boyfriend had sexual intercourse yet.

25. During about the same time, Nassir would say to Plaintiff, on multiple occasions, "Give it to me, baby" which was a proposition for sex.  Plaintiff rejected this sexual advance.

26. In or about October 2020, Nassir stated to Plaintiff and her coworker Norris [Last Name Unknown] ("Norris"), another female employee, that if he could not have sex with Plaintiff he would have to have sex with Norris too. He then suggested a "threesome" between him, Plaintiff, and Norris.  Plaintiff again rejected this sexual advance.

27. In or about November 2020, Nassir stated to Plaintiff, "Liz, you have a nice ass."

28. In or about December 2020, early January 2021, Plaintiff tried to report Nassir's sexual

harassment to Defendant AMY L NAEEM, who, upon information and belief, owned or was the franchisee of the 7 Eleven where Nassir sexual harassment occurred.

29. Naeem and her husband responded to Plaintiff's complaint by saying, "Don't talk to us. Talk to Nassir."

30. Naeem took no steps to investigate the sexual harassment, correct it, or prevent it from occurring in the future. Nassir, in fact, continued sexually harassing Plaintiff.

31. In or about February 2021, Nassir instructed Plaintiff to climb a ladder to reach a product (beer) located on a high shelf inside the cooler.

32. Plaintiff protested that there was no beer on that shelf and that she did not need to climb the ladder, but Nassir insisted she climb the ladder and check.

33. Plaintiff did as instructed, and while she was atop the ladder, Nassir grabbed her buttocks. This sexual contact was unwanted and unwarranted.

34. Plaintiff immediately suffered emotional distress, quickly climbed down the ladder and left the cooler. However, Plaintiff had to continue doing her job to service the customers at the cash register.

35. Plaintiff felt highly distressed and that there was no one she could go to about the sexual harassment she had been experiencing on a regular basis for six months.

36. In or about mid-March 2021, Plaintiff requested two weeks off from work for an upcoming surgical procedure.

37. Naeem's daughter, Sara, who also worked at that 7 Eleven approved Plaintiff's leave request.

38. Plaintiff also asked Nassir if she would still have her job upon her recovery in two weeks.

39. Nassir assured her that her job would be waiting for her upon her return.

40. In or about April 10, Plaintiff underwent the surgical procedure.

41. In or about late April, Plaintiff contacted Nassir and said she was ready to return to work.

42. Nassir responded by saying Plaintiff would have to meet Nassir alone to be put back on the schedule.

43. Plaintiff, considering Nassir's past sexual harassment, was fearful of what Nassir would do if she met with him alone, objected to meeting with him alone.

44. Plaintiff stated to Nassir that there was simply no need for a private meeting just for her to get back on the schedule.

45. Nassir responded, "Well, sorry, then, I have no hours for you.".  In other words, Nassir terminated Plaintiff.

46. Thus, approximately three or four weeks after Plaintiff's surgery, in or about end of April or early May 2021, Defendant's terminated Plaintiff's employment.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII
(*Sexual Harassment*)

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.  Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

49. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (sexual harassment that resulted in retaliation).

## AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

52. As described above, Plaintiff engaged in protected activities, opposing and reporting Defendant NASSIR's discrimination based on Plaintiff's sex.

53. As described above, after Plaintiff engaged in activity protected by Title VII, Defendant NASSIR took adverse actions against Plaintiff by, *inter alia*, by informing her he did not have any hours for her to work if Plaintiff did not physically meet with him to go over scheduling.

54. As a result of the retaliatory conduct of Defendant NASSIR in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

55. The unlawful discriminatory actions of Defendant NASSIR constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
(*Disability Discrimination*)

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Plaintiff asserts that Defendant violated the <u>Americans with Disabilities Act of 1990</u> (Pub. L. 101-336), as amended.

58. The ADA prohibits discrimination against any qualified individual on the basis of disability, the perception that he is disabled, or a record of impairment.

59. Additionally, the ADA requires a covered entity to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

60. As described above, Defendants discriminated against Plaintiff on the basis of her disability in violation of the ADA, by including but not limited to changing her schedule to a schedule that she could not work for childcare reasons after she took disability leave.  As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

61. As a result of Defendants' unlawful discriminatory conduct in violation of the ADA.  Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

62. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under this law

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

8

64. The <u>ADA</u> prohibits retaliation, interference, coercion, or intimidation.

65. <u>42 U.S.C</u>. § 12203 provides:

    i. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
    ii. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

66. Defendant engaged in an unlawful discriminatory practice by retaliating against Plaintiff because of her disability and for engaging in protected activity by requesting a reasonable accommodation.

67. Defendant knew or should have known of their obligations to accommodate Plaintiff under the ADA.

68. But for Plaintiff's disabilities and multiple requests for reasonable accommodations, Defendant would not have terminated his employment.

69. Defendant had no good-faith business justification to terminate Plaintiff.

70. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, loss of bonuses, loss of benefits, loss of employment and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, special damages, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

71. As such, Plaintiff is entitled to the maximum amount allowed under this law.

### **AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL**

*(Sexual Harassment)*

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice:  "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in unlawful employment practices prohibited by New York State Law by discriminating against Plaintiff because of her gender (sexual harassment that resulted in a hostile work environment and retaliation).

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL
*(Disability)*

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, *disability*, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

77. Plaintiff was subjected to discrimination that was on the basis of her disability.

78. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will

10

continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

## AS A SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER THE NYSHRL

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

81. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendant

## AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE SUFFOLK COUNTY LAW
*(Sexual Harassment)*

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. The Regulatory Local Laws of Suffolk County § 528-7(A)(1) provides that

> It shall be an unlawful discriminatory practice: For an employer to refuse to hire or employ or to bar or to discharge from employment or to discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment because of such individual's group identity or status as a victim of domestic violence.

84. The Suffolk County Regulatory Local Laws §528-6 defines group identity as

> "[t]he actual or perceived race, color, creed, age, national origin, alienage or citizenship status, **gender**, sexual orientation, disability, marital status, or familial status of any

11

individual, as well as the actual military status of any individual." (Emphasis added.)

85. As described above, Defendant discriminated against Plaintiff on the basis of her gender in violation of the SCHRL by, including but not limited to, the sexual harassment Plaintiff experienced.

86. As a result of Defendant's unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

87. As a result of Defendant's unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE SUFFOLK COUNTY LAW
*(Disability)*

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. The Regulatory Local Laws of Suffolk County § 528-7(A)(1) provides that

> It shall be an unlawful discriminatory practice: For an employer to refuse to hire or employ or to bar or to discharge from employment or to discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment because of such individual's group identity or status as a victim of domestic violence.

90. The Suffolk County Regulatory Local Laws §528-6 defines group identity as

91. "[t]he actual or perceived race, color, creed, age, national origin, alienage or citizenship status, **gender**, sexual orientation, disability, marital status, or familial status of any individual, as well as the actual military status of any individual." (Emphasis added.)

92. As described above, Defendant NASSIR, engaged in unlawful discriminatory practice by discriminating against Plaintiff after her recovery from surgery, despite assuring her that her job would be secured.

### AS A TENTH CAUSE OF ACTION FOR RETALIATION UNDER THE SUFFOLK COUNTY LAW

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

94. The Suffolk County Regulatory Local Laws § 528-12(B) provides that it shall be an unlawful discriminatory practice for an employer "to retaliate or discriminate against any individual because he or she has opposed any practice forbidden under this article…."

95. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's discrimination on the basis of Plaintiff's sex and disability.

96. As described above, after Plaintiff engaged in activity protected by the SCHRL, Defendant's took adverse actions against Plaintiff by, *inter alia*, threatening Plaintiff's employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

97. As a result of Defendant's retaliatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

### JURY DEMAND

98. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by <u>Title VII of the Civil Right Act of 1964</u>, <u>Americans with Disabilities Act</u> and the <u>New York Human Rights Law</u> in that Defendants engaged in disparate treatment of Plaintiff, and created and maintained a hostile work environment and otherwise discriminated against Plaintiff, on the basis of sex;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: Garden City, New York
September 2, 2022

          **PHILLIPS & ASSOCIATES,**
          **ATTORNEYS AT LAW, PLLC**

By: _____/s/_____
Joshua M. Friedman, Esq.
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, NY, 11530
T: (212) 248-7431
F: (212) 901-2107
jfriedman@tpglaws.com